Green, Judge,
delivered the opinion of the court:
This is a suit begun by the plaintiff to recover a balance claimed to be due under an “agreement for the lease of and an option to purchase lands under the provisions of the Migratory-Bird Conservation Act (45 Stat. 1222)” entered into between the plaintiff and the defendant. The material facts are briefly set out in the findings. The controversy is as to whether the defendant has paid for all of the land which it purchased or agreed to purchase under the agreement. The agreement contemplated the acquirement of lands consisting' of islands, marsh lands and shores, and edges appurtenant thereto. The nature of this property, together with other matters affecting the title, made a description of the lands involved quite difficult and caused voluminous testimony to be taken on behalf of the respective parties, with the result that a controversy has arisen as to . many matters pertaining to the description of the land covered by the contract and the title thereto, but on the most important point in the case there is no dispute. The lease- *4 purchase agreement provided .in effect that no money should be paid for any property purchased from plaintiff until the Attorney General had approved the title thereof. We think that plaintiff has failed to show that it had a good title to the land for which it seeks to recover payment, and that defendant has paid for all of the land acquired from plaintiff under the terms of the contract. But we do not base our decision upon this matter, as the defendant has a complete defense without it.
The Migratory Bird Act referred to in the title of the contract, in section 715 (e), Title 16, U. S. C. A., provides that—
the Secretary of Agriculture may do all things and make all expenditures necessary to secure the safe title in the United States to the areas which may be acquired under this chapter, but no payment shall be made for any such areas until the title thereto shall be satisfactory to the Attorney General. [45 Stat. 1223.]
This provision of the act was made the subject of an opinion by the Attorney General [Opinions of Attorneys General, Vol. 37, pp. 95-97]. The main subject of the opinion of the Attorney General is different from the question involved in the. case before us, but it quotes that portion of •the statute set out above and in substance holds it to be in full force and effect. The findings' show that the Attorney General did not approve the title to any of the land for which plaintiff seeks to recover a judgment and fails to show that the title of any of this land which is in dispute was satisfactory to the Attorney General. Consequently, neither the provisions of the statute nor those of the contract with reference to payment were complied with. Plaintiff therefore has no right to claim payment for this land and can not recover herein. It would serve no useful purpose to discuss the testimony on the other points raised in the argument of counsel.
Plaintiff’s petition must be dismissed, and it is so ordered.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.